NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRIZZLY GENERAL CONTRACTORS CORP, a Washington State corporation; DBA Grizzly Septic Services; WILLIAM GONZALES, a Washington State resident; STEPHANIE GONZALES, a Washington State resident, | No. 25-2183 D.C. No. 3:24-cv-05583-BHS MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| KITSAP PUBLIC HEALTH DISTRICT, a Washington State accredited public health agency; ONLINE RME, LLC, a Washington State and Oregon State Limited Liability Company; E-ONSITE, LLC, a Washington State Limited Liability Company; ORENCO SYSTEMS, INC., an Oregon for Profit Corporation and co-owner of Online RME LLC; ERIC EVANS, Individually and his marital community, Washington State residents and co-owners of Online RME LLC and Eonsite LLC; EDWIN NORTH, Individually and his marital community, Washington State residents and co-owners of Online RME LLC and Eonsite LLC; MIKE HARMON, Individually and his marital community, Washington State residents and co-owners | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of Online RME LLC; HAROLD BALL, Individually and his marital community, Oregon residents and co-owner of Orenco Systems Inc; JOHN AND JANE DOES, 1-50,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 13, 2026[**]
Seattle, Washington

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District Judge.[***]

Plaintiff-Appellants (collectively, "Grizzly") appeal the district court's order and judgment dismissing their complaint. Grizzly, who are septic inspectors, allege that Defendants-Appellees implemented a policy requiring them to collect "maintenance contract fees" from their customers on behalf of Defendant Kitsap Public Health District ("KPHD") and submit them along with their septic system reports through an online portal owned by several other Defendants. Grizzly

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mustafa T. Kasubhai, United States District Judge for the District of Oregon, sitting by designation.

25-2183

alleges that Defendants embezzled the maintenance contract fees, and that the requirement that they collect the fee on behalf of KPHD constitutes forced labor.

The district court concluded (1) it lacked subject-matter jurisdiction over Grizzly's claims because Grizzly lacked standing, and (2) Grizzly failed to state a claim under any of the seven state and federal causes of action they pled. The district court dismissed Grizzly's complaint without prejudice and without leave to amend, concluding that any amendment would be futile. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed this case for lack of subject-matter jurisdiction because Grizzly's complaint does not contain sufficient allegations of concrete injury to establish Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This court reviews a district court's dismissal for lack of subject-matter jurisdiction de novo. *Doğan v. Barak*, 932 F.3d 888, 892 (9th Cir. 2019).

While Grizzly's complaint includes an allegation describing an equation calculating alleged economic harm, that equation is impossible to decipher in the context of Grizzly's other factual allegations. Without a coherent explanation of what the numbers in Grizzly's equation represent relative to Defendants' alleged conduct, the assertion of economic harm is conclusory and lacks sufficient factual allegations to plausibly support economic injury. Grizzly also argues that they

suffered a constitutional injury and therefore need not prove economic damages. But even were the merits of Grizzly's 42 U.S.C. § 1983 claim before us on appeal, they would still have to allege an injury-in-fact. *Lujan*, 504 U.S. at 560. Grizzly's prayer for nominal damages does not substitute for such an allegation. *Cf. Uzuegbunam v. Preczewski*, 592 U.S. 279, 292–93 (2021) (holding that a request for nominal damages can satisfy the *redressability* requirement of Article III standing). Accordingly, and on *de novo* review, Grizzly's complaint lacks sufficient allegations of concrete injury to establish standing and the district court properly dismissed the case for lack of subject-matter jurisdiction.

2. The district court did not err in dismissing Grizzly's claims against Defendants Orenco Systems, Inc. and Harold Ball, even though those Defendants were not among those who filed motions to dismiss. Sua sponte dismissal is required whenever a district court determines it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1061 (9th Cir. 2023) ("[T]he district court has the power and the obligation to raise jurisdictional issues such as standing *sua sponte*[.]"). Because the moving Defendants challenged Grizzly's lack of injury, and the lack of injury deprives Grizzly of standing as to all Defendants, there is no argument that Grizzly lacked notice or incentive to address this dispositive issue in

opposition to the moving Defendants' motion to dismiss. *See Jones*, 74 F.4th at 1060.

While Grizzly argues that sua sponte dismissal without leave to amend is erroneous as a matter of law, that is not the case. As with any dismissal, leave to amend "may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Here, the district court concluded that amendment would be futile, a finding that Grizzly does not contest with any argument. Such arguments are forfeited. *See Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

3. Because we affirm the district court's finding that it lacked subject-matter jurisdiction, we do not reach the issue of failure to state a claim.

**AFFIRMED.**